IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ZIMMER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:11-CV-00063-RLM-CAN |
| | ) | |
| ARI KRESCH, KRESCH/OLIVER PLLC, | ) | |
| KRESCH LEGAL SERVICES, P.L.C., | ) | |
| WELLER, GREEN, TOUPS & TERRELL, | ) | |
| L.L.P., GORDON, EDELSTEIN, | ) | |
| KREPACK, GRANT, FELTON, | ) | |
| GOLDSTEIN, LLP, THE MOODY LAW | ) | |
| FIRM, INC., ROTTENSTEIN LAW | ) | |
| GROUP, LLP, ELK & ELK | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ELK & ELK'S MEMORANDUM IN SUPPORT OF ITS MOTION TO
QUASH PLAINTIFF'S SUBPOENA DUCES TECUM**

This Defendant, Elk & Elk, by counsel and pursuant to FRCP 26(b)(3), hereby moves to

quash Plaintiff Zimmer, Inc.'s Subpoena Duces Tecum with respect to Zimmerman Reed, as the

information and documents seek information which is protected by the attorney/client privilege and

constitutes protected work product.

A.     **The subpoena seeks information protected by attorney/client privilege**

The subpoena requests information and documents which are protected by the attorney/client

privilege. This is one of the "oldest recognized privileges for confidential communications." *Swidler*

*& Berlin v. United States*, 524 U.S. 399, 403 (1998) (citing *Upjohn Co. v. United States*, 449 U.S.

383, 389 (1981)).

The Plaintiff in this case, Zimmer, Inc., has sued Elk & Elk, a law firm. Zimmer, Inc. has

issued a non-party production request to the law firm of Zimmer Reed located in Minneapolis, Minnesota and Scottsdale, Arizona. The request seeks "all documents, including communications, that refer to or relate in any way to Elk and Zimmer's *NexGen* Knee System, including any of the various products within the *NexGen* Knee System." Plaintiff's Exhibit A attached to its Subpoena Duces Tecum to Zimmerman Reed. Tim Becker, an attorney formerly associated with Zimmerman Reed, continues to coordinate with Elk & Elk on these cases.

The subpoena issued by Zimmer, Inc. seeks Zimmerman Reed's entire case file for any cases in which it worked with Elk & Elk and where the *NexGen* product was at issue. These files will necessarily include communications with both firms' clients, which in addition to being irrelevant, invades the attorney/client privilege. Accordingly, the subpoena should be quashed.

**B.    Work product is protected from discovery**

In addition to the attorney/client privilege issues discussed above, the Supreme Court recognized the "work product" doctrine in *Hickman v. Taylor*, 329 U.S. 495 (1947), holding that

> [A]n attempt, without purported necessity or justification, to secure written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties. . . . falls outside the arena of discovery and contravenes the public policy underlying the orderly prosecution and defense of legal claims. *Id.* at 510.

This doctrine is now embodied in Federal Rule of Civil Procedure 26(b)(3), which states that "[A] party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." FRCP 26(b)(3)(A). The main exception to this rule is where "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." FRCP

26(b)(3)(A)(ii). Furthermore, parties may not use discovery requests to seek information for use in other proceedings.

> In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks information. Thus, when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied.
> *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 353 n.17 (1978).

More than that, the Rules explicitly prohibit the discovery of the "mental impressions, conclusions, opinions, or legal theories of a party's attorney. . ." FRCP 26 (b)(3)(B).

As the defendants are law firms, almost all of their documents and communications constitute "work product" which is prepared in anticipation of litigation. Again, Zimmer is seeking what amounts to Zimmerman Reed's entire case file for all cases it has worked on with Elk & Elk related to Zimmer's *NexGen* product. Clearly, these documents constitute protected work product in the cases for which they were created, some of which are still pending. Any request that they be produced in those contexts would be denied as a matter of course.

Second, because of the nature of the documents sought, i.e. Zimmerman Reed's entire case file, it will be practically impossible to produce any documents which do not reveal Zimmerman Reed and Elk & Elk's "mental impressions, conclusions, opinions, or legal theories". True, said impressions, conclusions, opinions and legal theories do not pertain to the case at issue, but they would be of incalculable value to Zimmer as it defends itself in products liability cases.

Lastly, though work product is theoretically discoverable given a showing of "undue hardship," the Plaintiff has made no attempt to demonstrate that it is subject to such. There is no recitation of any facts which demonstrate the need for the information being sought or why denying these requests would impose any burden on the Plaintiff. Having failed to even attempt to comply

with FRCP 26(b)(3)(A)(ii), Zimmer's attempt to secure protected work product must be denied and the subpoena to Zimmerman Reed must be quashed.

### C.    Conclusion

The Plaintiff, Zimmer, Inc., is seeking documents and information from Zimmerman Reed which contain material protected by the attorney/client privilege and constitute protected work product. Having not even attempted to show that it is entitled to these documents or that denying its request would subject it to undue hardship, Zimmer's requests should be denied.

WHEREFORE, this Defendant, Elk & Elk, respectfully moves that the Court quash the subpoena duces tecum directed at Zimmerman Reed and issue a protective order preventing the Plaintiff from seeking such information in the future.

Respectfully submitted,

**HUNT SUEDHOFF KALAMAROS LLP**

By: /s/ Lyle R. Hardman
Lyle R. Hardman (#16056-49)
Attorney for Defendant, Elk & Elk
205 W. Jefferson Blvd., Suite 300
Post Office Box 4156
South Bend, IN 46634-4156
Telephone: (574) 232-4801

-4-

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the above and was served upon the following:

Joseph H. Yeager
April E. Sellers
300 North Meridian Street
Suite 2700
Indianapolis, IN 46204

Angela Kelver Hall
202 South Michigan Street
Suite 1400
South Bend, IN 46601

Abigail M. Butler
Kyle B. Osting
111 East Wayne Street
Suite 800
Fort Wayne, IN 46802

Alyson Oliver
Kresch Oliver PLLC
24100 Southfield Road, Suite 305
Southfield, MI 48075

Alice J. Springer
Tracy D. Knox
600 1st Source Bank Center
100 North Michigan Street
South Bend, IN 46601-1632

Jay Kennedy
Kroger, Gardis & Regas, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204-5125

via electronic mail using ECF/Pacer, this 8th day of August, 2011.

/s/ Lyle R. Hardman
Lyle R. Hardman (#16056-49)

-5-