UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ZIMMER, INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| vs. | ) | CAUSE NO. 3:11-CV-63 RM |
| | ) | |
| ARI KRESCH, et al., | ) | |
| | ) | |
| Defendants | ) | |

OPINION and ORDER

In April 2011, counsel for Zimmer, Inc. reported to the court that Zimmer had settled its dispute with defendants Ari Kresch, Kresch/Oliver, PLLC, and Kresch Legal Services, PLC. The court gave the parties time to file their dismissal papers, and on August 8, Zimmer dismissed the claims of its complaint, amended complaint, and second amended complaint against the Kresch defendants. On August 8, Zimmer also filed a Supplemental Complaint against the Kresch defendants for breach of the parties' settlement agreement and other actions allegedly taken by the Kresch defendant after the signing of the settlement agreement, including defamation, interference with business relationships, false advertising and unfair competition under the Lanham Act, and product disparagement and unfair competition under common law. The cause is now before the court on the Kresch defendants' motion (and amended motion) to dismiss the claims of Zimmer's supplemental complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. When deciding a Rule 12(b)(6) motion, the court must accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff without engaging in fact-finding. Reger Dev., LLC v. National City Bank, 592 F.3d 759, 763 (7th Cir. 2010); In re Consolidated Indus., 360 F.3d 712, 717 (7th Cir. 2004). The function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint and not the facts that support it. Neitzke v. Williams, 490 U.S. 319, 326-327 (1989). The issue in a Rule 12(b)(6) motion is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir. 1997) (*quoting* Scheuer v. Rhodes, 416 U.S. at 236).

The Kresch defendants argue that the claims of the supplemental complaint are barred by the terms of the parties' settlement agreement: they say Zimmer agreed, in paragraph 6, to forever discharge them from all causes of actions in the original complaint(s), and paragraph 5 (a liquidated damages clause) limits Zimmer's claim for damages. They argue, too, that Zimmer hasn't alleged facts sufficient to support a piercing of the corporate veil to impose personal liability upon Ari Kresch. The Kresch defendants maintain they have complied fully with the settlement agreement's terms, noting that Zimmer hasn't alleged to the contrary, and claim that their post-settlement actions aren't in violation of the parties' agreement. According to the Kresch defendants, Zimmer can't now ask the

court to disregard the parties bargained-for agreement simply because Zimmer "is dissatisfied with the after effect of that agreement."

Zimmer alleges in the supplemental complaint that it was injured by actions of the Kresch defendants — specifically identifying Ari Kresch "while acting on his own behalf and on behalf of Kresch/Oliver PLLC and Kresch Legal Services, P.L.C." — that occurred after entry of the settlement agreement and/or in breach of that agreement. The Kresch defendants try to refute those allegations in the motion to dismiss, but the issue in a Rule 12(b)(6) motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." AnchorBank, FSB v. Hofer, 649 F.3d 610, 614 (7th Cir. 2011). The court must look at the sufficiency of the complaint and "not decide whether [Zimmer] has a winning claim," Ortiz v. Elgin Sweeping Servs., Inc., No. 10-C-936, 2010 WL 3034633, at *1 (N.D. Ill. July 29, 2010).

Viewing the allegations of the supplemental complaint as true, as the court must do at this stage of the proceedings, the court concludes that Zimmer's allegations provide the Kresch defendants with "fair notice" of the claims and the grounds upon which they rest, and contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007); *see also* Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Accordingly, the court DENIES the Kresch

defendants' motion to dismiss the supplemental complaint and impose sanctions on Zimmer [docket # 95 and # 96].

SO ORDERED.

ENTERED:   October 13, 2011   

                                           /s/ Robert L. Miller, Jr.   
                                           Judge, United States District Court