UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ZIMMER, INC., | ) |
| | ) |
| Plaintiff | ) |
| vs. | ) CAUSE NO. 3:11-CV-63 RM |
| | ) |
| ELK & ELK, et al., | ) |
| | ) |
| Defendants | ) |

OPINION and ORDER

This cause is before the court on the motion of defendant Elk & Elk to dismiss Zimmer's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Elk & Elk maintains that none of the firm's practices or actions give rise to contacts with the State of Indiana sufficient to create personal jurisdiction over the firm in this court and permitting Zimmer to pursue this cause of action would violate the requirements of the Fourteenth Amendment's Due Process Clause.

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(2) is a challenge to the court's jurisdiction over the person of the defendant that places the burden on the plaintiff to make a prima facie showing of jurisdiction. Tamburo v. Dworkin, 601 F.3d 693, 699 (7th Cir. 2010). "[W]here, as here, the issue is raised by a motion to dismiss and decided on the basis of written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing

of jurisdictional facts." Id. Any conflicts in the facts must be resolved in favor of the non-moving party. Id.

A federal district court has personal jurisdiction over a non-resident defendant In a diversity action filed pursuant to 28 U.S.C. § 1332 "only if a court of the state in which it sits would have such jurisdiction." Steel Warehouse of Wisc., Inc. v. Leach, 154 F.3d 712, 714 (7th Cir. 1998). Determining whether jurisdiction over an out-of-state defendant is proper involves two inquires: does the forum state's long-arm statute allow jurisdiction, and would assertion of personal jurisdiction violate due process. Tamburo v. Dworkin, 501 F.3d at 701-702; Kimberly-Clark Worldwide, Inc. v. Fameccanica Data Spa, No. 10-C-917, 2011 WL 2634287, at *1 (E.D. Wis. July 5, 2011). Because Indiana's long-arm statute, set forth in Indiana Trial Rule 4.4(A), extends personal jurisdiction to the limits allowed under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, LinkAmerica Corp. v. Albert, 857 N.E.2d 961, 967 (Ind. 2006), the only question for this court to determine is "whether due process would be offended were [the court] to exercise personal jurisdiction" over Elk & Elk. American Commercial Lines, LLC v. Northeast Maritime Institute, Inc., 588 F. Supp. 2d 935, 942 (S.D. Ind. 2008).

Due process requires that to subject a non-resident defendant to personal jurisdiction, the defendant must have certain minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326

U.S. 310, 316 (1945) (*quoting* Milliken v. Meyer, 311 U.S. 457, 463 (1940)). The Supreme Court has defined the necessary minimum contacts as "some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). In other words,

> where the defendant 'deliberately' has engaged in significant activities within a State, or has created 'continuing obligations' between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.

Burger King Corp. v. Rudzewicz 471 U.S. 462, 475-476 (1985).

"Personal jurisdiction can be either general or specific, depending on the extent of the defendant's contacts with the forum state. If the defendant's contacts are so extensive that it is subject to general personal jurisdiction, then it can be sued in the forum state for any cause of action arising in any place." uBID, Inc. v. GoDaddy Group, Inc., 623 F.3d 421, 425 (7th Cir. 2010). Specific jurisdiction over a defendant exists when the suit arises out of or is related to the defendant's contacts with the forum. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984); GCIU-Employer Ret. Fund v. Goldfarb Corp., 565 F.3d 1018, 1023 (7th Cir. 2009).

Zimmer's claims against Elk & Elk relate to television advertisements distributed by, and a website maintained by, Elk & Elk that Zimmer claims include false, misleading, and defamatory statements about Zimmer knee

replacement products. Zimmer says general and specific jurisdiction over Elk & Elk exist in this court because (1) Elk & Elk "touts both an Indiana victory [and] and Indiana-licensed lawyer on its website;" (2) the firm maintains at least two websites – one, Zimmer says, aimed at Ohio residents (ww.elkandelk.com) and the other aimed at everyone else (www.elkandelk.us); and (3) the firm maintains two telephone numbers, one for use by Ohio residents and an 877 number for nationwide use. Zimmer concludes that the firm can't "boast about a victory in Indiana, solicit clients across the country, and at the same time avoid being accountable for statements it made in connection with those very solicitations." Resp., at 5. Zimmer asks, in the alternative, that it be afforded additional time to conduct discovery on the issue of jurisdiction.

Recognizing that the "threshold for general jurisdiction is high," Tamburo v. Dworkin, 601 F.3d at 701, the court concludes that Zimmer hasn't demonstrated that Elk & Elk has the kind of continuous and systematic general business contacts necessary to support general jurisdiction. Elk & Elk presented an affidavit from the firm's managing partner reporting that the firm has no offices in Indiana, doesn't contract to do business in Indiana, doesn't derive any significant portion of its revenues from Indiana, and has no attorneys who represent clients in Indiana. Deft. Exh. 1 (A. Elk Aff.), at ¶¶ 4, 7. While Zimmer claims general jurisdiction over Elk & Elk exists because one of the firm's attorneys is licensed to practice in this court and the firm's website lists a 2010 Indiana settlement award, a single Indiana settlement and a lone attorney's

admission to the bar of this court, even coupled with an internet website, are insufficient to establish general jurisdiction. See Tamburo v. Dworkin, 601 F.3d at 701 ("[T]he contacts must be sufficiently extensive and pervasive to approximate physical presence."); Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 787 (7th Cir. 2003) ("These contacts must be so extensive to be tantamount to [the non-resident defendant] being constructively present in [Indiana] to such a degree that it would be fundamentally fair to require it to answer in an Indiana court in any litigation arising out of any transaction or occurrence taking place anywhere in the world.").

"To support an exercise of specific jurisdiction, the defendant's contacts with the forum state must directly relate to the challenged conduct . . .; [the court] therefore evaluate[s] specific personal jurisdiction by reference to the particular conduct underlying the claims made in the lawsuit." Tamburo v. Dworkin, 601 F.3d at 702. When, as here, the claims are for intentional torts, "the inquiry focuses on whether the conduct underlying the claims was purposely directed at the forum state." Id. Specific jurisdiction in the "purposeful direction" context requires "(1) intentional conduct (or intentional and allegedly tortious conduct), (2) expressly aimed at the forum state, (3) with the defendant's knowledge that the effects would be felt – that is, the plaintiff would be injured – in the forum state." Id. at 703 (*citing* Calder v. Jones, 465 U.S. 783, 789-790 (1984)); *see also* Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A., 623 F.3d 440, 444 (7th Cir. 2010) ("Specific personal jurisdiction is

appropriate when the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities."). Thus, the court must identify the contacts Elk & Elk has with Indiana, decide whether those contacts meet constitutional minima and whether exercising jurisdiction on the basis of those contacts comports with fairness and justice, and decide whether those contacts arise out of or are related to Zimmer's claims. GCUI–Employer Ret. Fund v. Goldfarb Corp., 565 F.3d at 1023.

Elk & Elk maintains that it hasn't directed its conduct into Indiana and any contacts it might have with the state are insufficient to subject it to specific jurisdiction in this court. In support, Elk & Elk relies on the affidavit of Arthur Elk, the firm's managing member, who states that the firm conducts its advertising consistent with the Ohio Rules of Professional Conduct and none of its advertising has appeared in any media "based in or primarily serving Indiana." Deft. Exh. 1 (A. Elk Aff.), ¶ 8. Elk & Elk challenges Zimmer's characterization of Mr. Elk's statement as "carefully crafted" by offering the following explanation: "To say that Elk & Elk has *no* contacts with Indiana would be untrue. Ohio is, obviously adjacent to Indiana, and some tangential contact with the state is an unavoidable fact of geographic proximity, which is why instead of denying that any Elk & Elk advertising ever reached Indiana residents, Elk & Elk's affidavit affirmed that none of its advertising appeared in media outlets 'based in or primarily serving' Indiana." Reply, at 4 (emphasis in original). Elk & Elk acknowledges that the firm maintains a website that can be accessed from any internet connection

6

in the world, but insists that none of its advertisements are specifically targeted at Indiana. Elk & Elk explains that the inclusion of the word "Indiana" in two places on the website is unrelated to Zimmer, and the firm's general website statement that it is willing to represent clients in states other than Ohio is unrelated to Zimmer's claims in this litigation. Elk & Elk concludes that its allegedly tortious conduct "is limited to its website, which . . . is accessible by anyone, from anywhere, with no intentional 'aiming' on Elk & Elk's part." Deft. Memo., at 9.

Even though a Rule 12(b)(2) analysis requires resolution of any conflicts in the pleadings and affidavits in Zimmer's favor, the court must accept as true any facts contained in the defendant's affidavit that remain unrefuted by Zimmer. Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782-783 & n.13 (7th Cir. 2003); ABN AMRO, Inc. v. Capital Intern. Ltd., 595 F. Supp. 2d 805, 818 (N.D. Ill. 2008). While Zimmer argues in its response brief that Elk & Elk doesn't deny advertising and soliciting clients in Indiana – just not "regularly," "traditionally," or in "Indiana-based media" – and advertises on its website that it "will take a case *anywhere*," Resp., at 4-5 (emphasis in original), Zimmer has presented no evidence to rebut Elk & Elk's affidavit statements to the contrary. See Bank of Montreal v. SK Foods, LLC, No. 09-C-3479, 2011 WL 4578357, at *3 (N.D. Ill. Sept. 30, 2011) ("If the movant has submitted evidence such as affidavits in support of the motion to dismiss, then the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of

7

jurisdiction."); North American Lighting, Inc. v. Lighting Products, Inc., No. 08-CV-2038, 2008 WL 3243951, at *5 (C.D. Ill. Aug. 6, 2008) ("If a defendant supplies affidavits challenging personal jurisdiction, a plaintiff must meet those assertions with affirmative evidence that supports the presence of jurisdiction."). Specific jurisdiction over a defendant is proper only when that defendant has purposefully directed its activities at the forum state and "purposely established minimum contacts with the forum state such that he or she 'should reasonably anticipate being haled into court' there." Tamburo v. Dworkin, 601 F.3d at 704 (*quoting* Burger King Corp. v. Rudzewicz, 471 U.S. at 474); *see also* uBID, Inc. v. GoDaddy Group, Inc., 623 F.3d 421, 426 (7th Cir. 2010) ("The due process clause will not permit jurisdiction to be based on contacts with the forum that are random, fortuitous, or attenuated."). Zimmer alleges in its complaint that Elk & Elk intentionally distributed false and misleading advertisements, but Zimmer hasn't established a prima facie case of personal jurisdiction by pointing to contacts or actions by Elk & Elk demonstrating that the firm purposefully or expressly aimed its activities or advertisements at Indiana. *See* Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 109 (1987) (a non-resident defendant cannot be forced to litigate in a state unless there is "some act by which the defendant purposefully avails [himself] of the privilege of conducting activities" in the forum); Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A., 623 F.3d 440, 446 (7th Cir. 2010) (a plaintiff can't establish specific jurisdiction "simply by showing that the defendant maintained a website accessible to

8

residents of the forum state and alleging that the defendant caused harm through that website"); uBID, Inc. v. GoDaddy Group, Inc., 623 F.3d at 426 ("The due process clause will not permit jurisdiction to be based on contacts with the forum that are random, fortuitous, or attenuated.").

Zimmer has alternatively requested that it be allowed to undertake discovery relating to jurisdiction. The court agrees with Zimmer that, as a general matter, discovery "should be freely permitted, and this is no less true when discovery is directed to personal jurisdiction." Anderson v. Sportmart, Inc., 179 F.R.D. 236, 241 (N.D. Ind. 1998). But as the Anderson court further noted, "it is also well established that a plaintiff does not enjoy an automatic right to discovery pertaining to personal jurisdiction in every case. A plaintiff must make a threshold or prima facie showing with some competent evidence demonstrating that personal jurisdiction might exist over a defendant in order to be entitled to jurisdictional discovery. For example, a plaintiff is entitled to jurisdictional discovery if he or she can show that the factual record is at least ambiguous or unclear on the jurisdiction issue." 179 F.R.D. at 241. Zimmer hasn't pointed to any ambiguous or unclear factual issues in the record or presented any evidence demonstrating that exercise of jurisdiction over Elk and Elk in this court might be proper, so the court denies Zimmer's request for additional time to undertake discovery.

Based on the foregoing, the court concludes that Zimmer hasn't carried its burden of demonstrating that Elk & Elk had the necessary minimum contacts

with Indiana, or that the firm purposefully or expressly aimed its advertisements at Indiana, to confer personal jurisdiction over the firm in connection with its advertising endeavors such that it reasonably should have anticipated being haled into court in Indiana. The court GRANTS defendant Elk & Elk's motion to dismiss for lack of personal jurisdiction [docket # 92].

  SO ORDERED.

  ENTERED: <u>October 24, 2011</u>

          <u>/s/ Robert L. Miller, Jr.</u>
          Judge, United States District Court